TEXAS LIQUOR CONTROL BOARD

v.

Charles TISHLIAS, d/b/a Gaslite Club of Dallas et al.

No. 7134.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 13, 1961.

Rehearing Denied Dec. 11, 1961.

———◆———

Will Wilson, Atty. Gen., Cecil Cammack, Jr., Asst. Atty. Gen., for appellant.

Henry Klepak and Norman A. Zable, Dallas, for appellees.

NORTHCUTT, Justice.

This is an alcoholic beverage forfeiture suit filed by the State of Texas by the Attorney General against Charles Tishlias, d/b/a, Gaslite Club of Dallas, et al., appellees, concerning alcoholic beverages seized by the agents of the Texas Liquor Control Board under the provision of Art. 666–42 (a), Vernon's Texas Penal Code and sought to be forfeited under 42(b) of that article. The trial court heard the evidence without the intervention of a jury. The trial court held that the alcoholic beverages seized were not illicit beverages as defined in Sec. 3a(4) of Art. 666, Vernon's Penal Code and ordered that the State be denied its request for forfeiture and ordered the seized beverages be returned to the defendant by the Texas Liquor Control Board. From that order the State of Texas perfected this appeal to the Court of Civil Appeals for the 5th Supreme Judicial District of Texas at Dallas, Texas, and was transferred to this court by order of the Supreme Court of Texas.

Appellant's point of error is that the trial court erred in finding that the intoxicating beverages seized were not illicit beverages as that term is defined in the Texas Liquor Control Act:

The provisions of the Act (Art. 666–1 et seq., and Art. 667–1 et seq., Vernon's Penal Code) applicable here are:

Art. 666–2 "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

Art. 666–3a. "(1) 'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent (½ of 1%) of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted."

Art. 666–3a(4). " 'Illicit Beverage' shall mean and refer to any alcoholic beverage * * * bought, sold, * * * stored, possessed * * * in violation of this Act."

Art. 666–4(a). "It shall be unlawful for any person to * * * sell, possess for the purpose of sale, * * * store, solicit orders for, take orders for * * * any liquor in any wet area without first having procured a permit of the class required for such privilege."

Art. 666–3a(6). " 'Person' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

Art. 667–3. "It shall be unlawful for any person to manufacture or brew beer for the purpose of sale, or to import into this State, or to distribute, or to sell any beer, or to possess any beer for the purpose of sale within this State without having first obtained appropriate license as herein provided, which license shall at all times be displayed in some conspicuous place within the licensed place of business."

Art. 666–3. "(a) The term 'open saloon' as used in this Act, means any place where any alcoholic beverage whatever * * * is sold or offered for sale for beverage purposes by the drink * * *."

Art. 666–3 "(b) It shall be unlawful for any person, whether as principal, agent, or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation of any open saloon in this state."

Art. 666–42(a). "All illicit beverages as defined by this Act * * * may be seized * * * by an agent or employee of the Texas Liquor Control Board."

Art. 666–42(b). "It shall be the duty of the Attorney General * * * when notified by the officer making the seizure, or by the Texas Liquor Control Board, that such seizure has been made, to institute a suit for forfeiture of such alcoholic beverages * * *. If upon the trial of such suit it is found that the alcoholic beverages are illicit * * * the court trying said cause shall render judgment forfeiting the beverages and property to the State of Texas * * *."

The alcoholic beverages here involved were seized when agents of the Liquor Control Board entered a place of business known as Gaslite Club of Dallas, Inc., located at 6135 Sherry Lane in Dallas, Texas, by authority of a valid search warrant. The State alleged in its petition that the defendant violated the Texas Liquor Control Act in that defendant stored, warehoused, and possessed said alcoholic beverages for the purpose of sale, said defendant not then and there being the holder of a valid permit or license duly issued by the Texas Liquor Control Board authorizing the storage, warehousing or sale of such alcoholic beverages and that the defendant then and there ran an open saloon contrary to the constitution and laws of the State of Texas.

On October 10, 1960, about 10:15 in the evening, Emmett P. McCracken, an employee of the Texas Liquor Control Board, went to the club rooms of the Gaslite Club of Dallas and signed an application for membership. As a part of this application appeared the following sentence: "Also enclosed find signed check for $10.00 which constitutes the writers deposit under the liquor pool system." Immediately after paying the $10.00 McCracken went back to the club room and ordered a drink of whisky and coke and was served his first drink in 10 or 15 minutes after paying the $10.00, and for which he was charged $1.25. He signed for each serving and paid for the same through a Diner's Club credit card, and later paid the Diner's Club.

Without discussing this case further we are of the opinion that the facts of this case clearly show that the alcoholic beverages here in question are illicit beverages under the terms of the law and that the appellant's points of error should be sustained.

We think the case of State of Texas v. Harris, Tex.Civ.App., 342 S.W.2d 177, 182, is directly in point where it holds such alcoholic beverages to be illicit beverages. In that case it is stated:

"Attorney General Gerald C. Mann rendered his opinion No. 0–1145 on August 26, 1939, to the Texas Liquor Control Board regarding operations of Houston Country Club and River Oaks Country Club in which he held:

"We do not think that there is any doubt but that the fact that the liquor is dispensed to members of these clubs by the drink, coupled with the further fact that such members are called upon to contribute money to the Revolving Fund, and that they do so contribute, so that liquor may be kept on hand, constitutes sales of liquor by the drink on the part of those who deliver the liquor to the various members, whoever they may be, and that both clubs in question are being operated as open saloons."

That opinion was held correct by Attorney General Price Daniel in his letter to the Administrator of Texas Liquor Control Board—(R–1221). General Daniel in his opinion No. V–203, dated May 21, 1947 relative to sales of liquor in a private club said:

"If an officer of a private club purchases liquor from funds furnished by individual members of the club, such liquor becomes the common property of the club. When a drink is delivered by the steward to a member, and is paid for in the manner provided by the club, it constitutes a 'sale' by the club to the individual member. (Krnavek v. State, (38 Tex.Cr.R. 44), 41 S.W. 612; Feige v. State, (49 Tex.Cr.R. 513), 95 S.W. 506; Adams v. State, (66 Tex.Cr.R. 220), 145 S.W. 940.) Such a

sale is in direct violation of the provisions of Article 666–3, Paragraph (a), Vernon's Penal Code of Texas. This statutory prohibition applies equally to 'wet' areas and 'dry' areas. (Shelton v. State, (139 Tex.Cr.R. 126), 138 S.W.2d 1078.)"

"(4) The Legislature has met several times and amended the Texas Liquor Control Act in some particulars since Backues v. Woods, supra, and the Attorneys General's Opinion referred to, but has made no change in the sections of the Act applicable here. The Board has acted on this decision and said opinions as that administrative agency's construction of the Act. Such action and construction is entitled to great weight here in view of the legislature's tacit approval thereof by inaction for more than eleven years. 39 Tex.Jur. p. 235, 'Statutes' Par. 126."

We sustain appellant's point of error and hold that the alcoholic beverages involved here are illicit beverages and are forfeited to the State of Texas to be disposed of as provided by law. Judgment of the trial court is reversed and rendered accordingly.